IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONI E. SANCHEZ,

       Plaintiff,

vs.                                                                                                                      Civil No. 08-437 RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

    1.  THIS MATTER comes before the Court upon Plaintiff's "Motion to Reverse or Remand Administrative Agency Decision," filed November 10, 2008 **[Doc. No. 19]**.  Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for social security disability insurance ("SSD") benefits and supplemental security income ("SSI") pursuant to the Social Security Act.

    2. Plaintiff applied for benefits on January 21, 2005, alleging a disability that commenced on June 1, 2004 due to "[i]njuries suffered from [a] beating/back,/head/arms/legs/ringing in ears [sic]." (Tr. at 19, 110).  Plaintiff alleges that her ability to work is limited because of "[r]inging in my ears, chronic pain in my back and knee, pain in arms[,] shoulders, wrists, headaches, can't sleep, [and] pain in my left leg." (Tr. at 111).  Plaintiff also testified that she has problems with balance, memory and concentration.  (Tr. at 49).  Plaintiff was born on October 10, 1962, has a GED, and has worked in the past as a cashier/stocker and nursing assistant.  (Tr. at 45, 46, 115, 124).

    3.   The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson

v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id.  (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ's physical Residual Functional Capacity ("RFC") assessment is unsupported by substantial evidence "where the ALJ failed to give controlling weight to the opinion of the claimant's treating physician"; (2) the ALJ "failed to develop the record regarding the claimant's neuropsychological condition"; (3) the ALJ's credibility determination is unsupported "where he failed to apply the pain analysis required under SSR 96-7p and the Tenth Circuit's decision in Luna"; and (4) the ALJ "failed to pose hypotheticals to the Vocational Expert [("VE")] which included all of claimant's limitations as established by the medical evidence of record."  (See Memorandum in Support of Motion ("Memo") at 1, filed Nov. 10, 2008 **[Doc. No. 20]** (capitalization and underlining omitted)).

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

6. At the first four levels of the evaluation, the claimant must show:  (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit

2

the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988). At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes, 845 F.2d at 243.

      7. At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since June 1, 2004." (Tr. at 21). At step two, the ALJ concluded that Plaintiff "has the following severe impairments: degenerative disc disease [("DDD")], cognitive disorder, depression, substance abuse, and fatty liver with ascites." (Tr. at 21). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal "one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1." (Tr. at 22). At step four, the ALJ determined that Plaintiff "is unable to perform any past relevant work." (Tr. at 24). At step five, the ALJ found that Plaintiff "has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . . [and determined that Plaintiff] has not been under a disability . . . from June 1, 2004 through the date of this decision [May 24, 2007]." (Tr. at 26).

      *First Alleged Error -  assessment of treating physician's opinion*

      8. Plaintiff alleges that the ALJ erred in failing to afford controlling weight to the opinions of a treating physician, Roland Sanchez, M.D.[1] Specifically, Plaintiff contends that the ALJ should have afforded controlling weight to Dr. Sanchez's opinions contained in a "Medical Assessment of Ability to do Work-Related Activities (Physical)," dated May 8, 2006. (Tr. at

---

[1] The parties do not disagree that Dr. Sanchez is Plaintiff's treating physician.

273). In that assessment, Dr. Sanchez indicated that Plaintiff is able to: (1) lift and/or carry less than 10 pounds occasionally and frequently; (2) "stand and/or walk (with normal breaks) for a total of . . . less than 2 hours in a 8-hour workday"; and (3) "sit (with normal breaks) for a total of . . . less than 4 hours in a 8-hour workday". (Tr. at 273). Dr. Sanchez also indicated that Plaintiff's "physical medical impairments can reasonably be expected to produce symptoms such as fatigue . . . frequent[ly]." (Id.).

     9. The ALJ acknowledged that the physical limitations described by Dr. Sanchez "would preclude the [Plaintiff's] performance of sustained work activities in an ordinary work setting on a regular and continuing basis." (Tr. at 24).[2] However, the ALJ largely disregarded Dr. Sanchez's opinion regarding Plaintiff's physical limitations, explaining that Dr. Sanchez "did not identify medically determinable impairments that could reasonably be expected to cause the claimant's limitations[,] . . . . [and] did not support his conclusions with medically acceptable clinical and laboratory diagnostic techniques." (Tr. at 24). Under the facts of this case, the Court concludes that the ALJ was entitled to afford Dr. Sanchez's opinion less than controlling weight.

     10. However, the conclusion that Dr. Sanchez's opinion is not controlling does not end the analysis. "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Watkins v. Barnhart, 350

---

[2]The ALJ found that Plaintiff "can occasionally lift 20 pounds, and frequently lift 10 pounds; stand and walk up to 6 hours, and sit up to 6 hours in a normal 8-hour workday," and concluded that Plaintiff could perform a limited range of work at the light exertional level, (Tr. at 22).

F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p).[3]  "Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation." Andersen v. Astrue, 2009 WL 886237, at *3 (10th Cir. Apr. 3, 2009) (slip copy) (citations omitted).  Moreover, "the ALJ must provide sufficient indication of what weight is assigned and 'good reasons' for that weight." Andersen, 2009 WL 886237, at *5 (citation omitted).  In this case, the Court is not satisfied that the ALJ has either properly evaluated Dr. Sanchez's opinion or provided good reasons for assigning so little weight to the opinion.

11.  First, although the ALJ purportedly assigned "little weight" to Dr. Sanchez's opinion, it is not clear that he afforded it any weight whatsoever.  The ALJ did not explicitly adopt any of Dr. Sanchez's findings or limitations; nor is it apparent that any of the limitations were incorporated in the ALJ's description of Plaintiff's RFC.  Indeed, as previously noted, the ALJ acknowledged that the physical limitations set forth by Dr. Sanchez "would preclude the [Plaintiff's] performance of sustained work activities in an ordinary work setting on a regular and continuing basis."  (Tr. at 24).

12.  Second, the reason given by the ALJ for discounting Dr. Sanchez's opinion regarding Plaintiff's physical limitations indicates that the ALJ considered only the degree to which Dr. Sanchez's opinion is supported by relevant evidence.  However, while "supportability might prove determinative, that can only be decided after consideration of the other factors."

---

[3]The regulatory factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins, 350 F.3d at 1301.

Andersen, 2009 WL 886237, at *6.  In this case, the Court is unable to ascertain from the ALJ's decision whether he considered the requisite factors.

13.  Finally, the Court notes that with respect to "the mental limitations that Dr. Sanchez noted . . . [the ALJ] f[ou]nd it significant that [Dr. Sanchez] has not prescribed any psychotropic medications or made any referral for mental health treatments." (Tr. at 24).  Although this statement arguably reflects the ALJ's consideration of the "nature and extent of the treatment relationship," it also misstates the record.[4]  As such, it cannot be considered a "good reason" for discounting Dr. Sanchez's opinion.

14.  The Court concludes that the ALJ erred in assessing the opinion of a treating medical source , Dr. Roland Sanchez, regarding Plaintiff's limitations.  Accordingly, this matter must be remanded for a re-assessment of Dr. Sanchez's opinion.  The Court need not address Plaintiff's remaining allegations of error because they may be affected by the ALJ's consideration of the case on remand.  The Court does not intend to direct any particular result with respect to the Commissioner's ultimate determination on the issue of whether Plaintiff was disabled during the time period at issue.  On remand, the Commissioner should conduct further proceedings as needed, following the re-assessment of Dr. Sanchez's opinion.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency

---

[4]A psychotropic medication is "[a]ny medication capable of affecting the mind, emotions, and behavior."  RxList, http://www.rxlist.com/script/main/art.asp?articlekey=30808, site visited on Jul. 7, 2009.  On at least three (3) separate occasions, the medical records indicate that someone in Dr. Sanchez's office prescribed and/or recommended that Plaintiff take Lexapro.  (Tr. at 279, 280, 283).  One of the indications for Lexapro (escitalopram) is "the acute and maintenance treatment of major depressive disorder."  RxList, http://www.rxlist.com/lexapro-drug.htm, site visited on Jul. 7, 2009.

Decision **[Doc. No. 19]** is GRANTED and this matter is REMANDED to the Commissioner for further proceedings consistent with this opinion, to include a re-assessment of the opinion of Dr. Roland Sanchez.

                                                            /s/ Robert Hayes Scott
                                                            ROBERT HAYES SCOTT
                                                            UNITED STATES MAGISTRATE JUDGE